# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MICHAEL C. DEMARQUIS,<br><br>    Plaintiff,<br><br>v.<br><br>SHEEHY, LOVELACE & MAYFIELD, P.C.,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:22-cv-00067<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES MICHAEL C. DEMARQUIS ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, SHEEHY, LOVELACE & MAYFIELD, P.C. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Western District of Texas.

5. Defendant is a debt collection law firm headquartered at 510 N Valley Mills Dr, Waco, Texas 76710.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Prior to the events giving rise to this action in Feb 2021, Plaintiff's home sustained damages due to flooding and contacted his home insurance agency USAA to file a claim regarding the water damage.

7. After speaking with USAA, Plaintiff was they would contact Target Solutions to begin the process of repairing the water damage in his home.

8. Specifically, Plaintiff was told by USAA that it partners with Target Solutions and granted Plaintiff's insurance claim for the repairs needed.

9. Target Solutions assured Plaintiff the cost of the damages would be covered by USAA after completing carpet removal, and suppling two vacuums to extract the flood water.

10. In addition, Plaintiff was also told his damage carpets would be replaced by Target Solutions and paid for by USAA.

11. At some point, Plaintiff spoke with Target Solutions who informed him that USAA paid $1,039.23, but declined to pay for the remaining amount of the insurance claim and requested he pay $2,000.00 owed left on the subject account.

12. Plaintiff replied to Target Solutions explaining that he is disabled and cannot afford the $2,000.00 owed.

13. On December 14, 2021, Plaintiff was mailed a pre-litigation demand by Defendant attempting to collect an outstanding balance for $2,000 owed to Target Solutions ("subject debt") ("Defendant's Letter").

14. Defendant's Letter stated the following: "As you are aware, you retained the services of Target and memorialized your agreement with Target by signing a Contract for Residential Services and Authorization and Direction to Pay on or about May 24, 2021 (the ***"Contract").***"

15. Initially, Plaintiff was confused why he was contacted for the remaining balance of the subject debt as USAA was responsible per his previous insurance claim.

16. In addition, Plaintiff states that he never signed a contact with Target Solutions as claimed in Defendant's Letter.

17. Moreover, Defendant's Letter continued to state the following:

"If this matter is not settled by the Settlement Deadline, Target shall be entitled to take additional legal action, including, but not limited to the filing of a lawsuit for any and all causes of action Target may have at law, and/or in equity including, but not limited to, claims for breach of contract. In addition, Target shall seek pre- and post-judgment interest on the Claim Amount (and any judgement), costs of suit and reasonable attorneys' fees. This letter shall also serve as any notice requirement on the debt, including the notice required under Section 38.002 of the Texas Civil Practice and Remedies Code. If a lawsuit is filed, it shall be filed in McLennan County, Texas, pursuant to the terms of the Contract."

18. Immediately, Plaintiff became fearful that he would be sued for a debt he believed he was not responsible for.

19. On or around late December 2021, Plaintiff replied via email to Defendant's pre litigation demand disputing and requesting validation toward the alleged subject debt.

20. Specifically, Plaintiff requested Defendant provide the contract it claims was signed.

21. In addition, Plaintiff also informed Defendant their lack of jurisdictional claims as the dispute in question occurred in Bell County, Texas and not in McLennan County, Texas as depicted by Defendant.

22. Should Defendant file a legal action in McLennan County, Texas the Plaintiff would be subject to a lawsuit in an inconvenient jurisdiction far from his residence and of which he has not availed himself to.

23. This caused Plaintiff a great deal of anxiety and fear.

24. Frustrated over Defendants' conduct, Plaintiff spoke with an attorney regarding his rights, resulting in expenses.

25. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

26. Plaintiff has expended time consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

27. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

28. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

33. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

34. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

35. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

36. Defendant violated 15 U.S.C. §§1692e, e(5), f, and i(a)(2) through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692e**

37. Defendant violated § 1692e(5) by threatening to take an action that was not intended to be taken. Defendant violated 15 U.S.C. §1692e(5) when it mailed a letter to Plaintiff threatening to sue in an inconvenient county to Plaintiff. Due to jurisdictional conflicts, Defendant knew or should have known it would be unable to pursue legal action against Plaintiff. Clearly, the threat was a thinly veiled attempt to coerce Plaintiff into making immediate payment.

### b. Violations of FDCPA § 1692f

38. Defendant violated §1692f by using unfair and unconscionable means to collect the subject debt from Plaintiff. It was unfair and unconscionable for Defendant to threat legal action against Plaintiff when it knew or should have known no legal action could be taken within the jurisdiction provided in the December letter.

39. Upon information and belief, Defendant uses unfair, harassing, misleading, and deceptive practices in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

### c. Violations of FDCPA § 1692i

39. The FDCPA, pursuant to 15 U.S.C. §1692i(a)(2), mandates that "[a]ny debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action."

40. Defendant violated 15 U.S.C. §1692i(a)(2) when it mailed a pre litigation demand stating it would initiated a lawsuit against Plaintiff in McLennan County, Texas. Plaintiff has never resided in McLennan County, Texas and Plaintiff did not sign any contract with Target Solutions in McLennan County, Texas. Consequently, Defendant threatened to initiated a collection lawsuit in a venue inherently inconvenient to Plaintiff and in violation of the FDCPA.

41. As previously stated, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff MICHAEL C. DEMARQUIS respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

  c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

43. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

44. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

  a. **Violations of TDCA § 392.304**

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not use "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

46. Defendant violated the TDCA when it falsely and deceptively threatened to sue Plaintiff in a jurisdiction it could not legally file suit in. Defendant's misleading statements were made in an attempt to confuse and coerce Plaintiff into making a payment that he could not afford.

**WHEREFORE**, Plaintiff MICHAEL C. DEMARQUIS requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: January 25, 2022

Respectfully Submitted,

*s/ Victor T. Metroff*
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Marwan Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com